15 A.3d 16

IN THE MATTER OF LAURENCE A. HECKER, AN ATTORNEY
AT LAW (ATTORNEY NO. 214431965).

March 10, 2011.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 09–372, concluding that **LAURENCE A. HECKER of TOMS RIVER,** who was admitted to the bar of this State in 1965, should be suspended from the practice of law for a period of one year for violating *RPC* 5.5(a)(2) (assisting nonlawyers in the unauthorized practice of law), *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation), *In re Opinion No. 259 of the Advisory Committee on Professional Ethics,* 96 *N.J.L.J.* 754 (1973) (*"Opinion 259 "*), and *In re Opinion 506 of the Advisory Committee on Professional Ethics,* 110 *N.J.L.J.* 408 (1982) (*"Opinion 506 "*);

And **LAURENCE A. HECKER** having been ordered to show cause why he should not be disbarred or otherwise disciplined;

And good cause appearing;

It is ORDERED that **LAURENCE A. HECKER** is suspended from the practice of law for a period of one year, effective April 8, 2011; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.